NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS MARIN-AGUIRRE, AKA Jesus Aguirre Marin, AKA Jesus A. Marin,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    16-72863

Agency No. A205-719-275

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Jesus Marin-Aguirre, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"), and denying

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

his motion for a continuance.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for substantial evidence the agency's factual findings.  *Zehatye v.*

*Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review for abuse of

discretion the denial of a motion for a continuance.  *Sandoval-Luna v. Mukasey*,

526 F.3d 1243, 1246 (9th Cir. 2008).  We review de novo questions of law and

claims of due process violations in immigration proceedings.  *Simeonov v.*

*Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny in part and dismiss in part

the petition for review.

Substantial evidence supports the agency's determination that the harm

Marin-Aguirre experienced did not rise to the level of persecution.  *See Duran-*

*Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel

finding that harm rises to the level of persecution where perpetrators took no

violent actions against the petitioner or his family beyond threats).  Substantial

evidence also supports the agency's determination that Marin-Aguirre did not

establish a well-founded fear of future persecution.  *See Gu v. Gonzales*, 454 F.3d

1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective

evidence demonstrating a well-founded fear of persecution").  Thus, Marin-

Aguirre's asylum claim fails.

Because Marin-Aguirre failed to establish eligibility for asylum, in this case

he did not establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d

16-72863

at 1190.

Substantial evidence supports the agency's denial of CAT relief because Marin-Aguirre failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Marin-Aguirre's contention that remand is warranted for a credibility determination. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The agency did not abuse its discretion in denying Marin-Aguirre's motion for a continuance where he failed to show good cause to grant it. *See* 8 C.F.R. § 1003.29; *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996). Marin-Aguirre's contention that the agency violated due process lacks merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice are required to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**